IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TITO PERRY, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:21-cv-04314-TWT-AJB |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Tito Perry, by and through undersigned counsel, and files this Complaint for Damages against Defendant T-Mobile USA, Inc. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA").

7.

At all times relevant to this action, Plaintiff suffered from a serious health condition, as that term has been defined by the FMLA, of which the employer had knowledge. In particular, Plaintiff suffers from psoriasis. Additionally, Plaintiff

takes medicine to manage his psoriasis, and the medicine occasionally leads to a flareup, during which mucus builds up in his eyes such that he is unable to see.

8.

Plaintiff began working for Defendant on August 15, 2019, as a Business Customer Tech Support.

9.

In or around mid-January, 2021, Plaintiff applied for intermittent FMLA leave to manage flareups, and he received approval for FMLA in or around mid-February, 2021.

10.

Each time Plaintiff needed to take FMLA to manage a flareup, he followed the appropriate protocol, which included notifying the supervisor on duty at the time and contacting the workforce management system via telephone or e-mail.

11.

On March 13, 2021, Plaintiff suffered a flare up in the middle of his shift, and he took approximately two hours off work to manage his serious health condition.

12.

Prior to leaving work, Plaintiff notified his supervisor, Tina Lowe, via text message, and he e-mailed the work force management system, per company policy.

13.

Plaintiff returned to work later that day, on March 13, 2021.

14.

On April 1, 2021, Plaintiff was terminated. Defendant stated that Plaintiff was terminated for poor attendance, but Defendant relied on absences which were approved by intermittent FMLA leave.

15.

Any reason given for Plaintiff termination is pretext for retaliation for Plaintiff engaging in protected activity under the FMLA.

16.

Defendant availed himself of FMLA protected rights by seeking time off to which he was entitled. Defendant interfered with Plaintiff's exercise of FMLA rights and retaliated against Plaintiff for his protected activity by terminating his employment.

17.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In doing so, Defendant violated the FMLA

18.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2020 and 2021 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

19.

Plaintiff has suffered lost wages as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## COUNTS I & II

## (FMLA INTERFERENCE AND RETALIATION)

18.

Plaintiff repeats and re-alleges paragraphs 6-19 as if set forth fully herein.

19.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

20.

Plaintiff was an eligible employee under the FMLA.

21.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

22.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

23.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

24.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages for lost wages and benefits and prejudgment interest thereon;

(b) Liquidated damages on Plaintiff's FMLA claims;

6

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

This 15th day of October, 2021.

                                    **BARRETT & FARAHANY**
                                    *s/ V. Severin Roberts*
                                    V. Severin Roberts
                                    Georgia Bar No. 940504

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com